# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

ALMA MARTINEZ and MARIA
CASTILLO, on their own behalf and on
behalf of those similarly situated,

              **Plaintiffs,**

-vs-                                     Case No.  2:12-cv-231-FtM-29DNF

KENZIE KARE GROUP HOME, INC., a
Florida profit corporation, CASSANDRA
MCKENZIE, individually,

              **Defendants.**

_____

# ORDER

This cause is before the Court on the parties' Joint Stipulation of Dismissal With Prejudice, Joint Motion for Approval of Settlement Agreement (Doc. 28) filed on November 9, 2012.  The parties failed to attach the Settlement Agreement, therefore, the Court is unable to review it to determine if the settlement was fair and reasonable.  *See*, *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  Further, the parties failed to indicate if the amount of attorneys fees was negotiated independently of the amount to be recovered by the Plaintiffs.  Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and

seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

**IT IS HEREBY ORDERED:**

Within fourteen (14) days from the date of this Order, the parties shall file the Settlement Agreement and a supplemental filing regarding attorney's fees.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this __14th__ day of November, 2012.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record